## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

|  |  |  |
|---|---|---|
| **DOUGLAS SCOTT MCBRIDE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:23cv302** |
| | ) | |
| **CHADWICK DOTSON, Director,** | ) | |
| **Virginia Department of Corrections[1],** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Petitioner, Douglas Scott McBride's ("Petitioner"), Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("the Petition"), ECF No. 1, and Respondent, Chadwick Dotson's ("Respondent"), Motion to Dismiss filed on September 22, 2023, ECF No. 9. The matter was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72. For the following reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss be **GRANTED** and the Petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 23, 2013, Petitioner was convicted following a bench trial in the Dinwiddie

---

[1] The proper respondent to a habeas petition is "the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (alteration in original). Chadwick Dotson has been appointed to serve as the Director of the Virginia Department of Corrections, effective September 8, 2023. Accordingly, Chadwick Dotson, Director of the Virginia Department of Corrections is substituted for Harold W. Clarke in this matter.

Circuit Court ("Trial Court") of rape, indecent liberties with a child, and contributing to the delinquency of a minor. ECF No. 11, attach. 1 at 87–88, 178. The Trial Court sentenced Petitioner on April 27, 2016[2], to 40 years of incarceration on the charge of rape, five years on the charge of indecent liberties with a child with five years suspended, and twelve months on the charge of contributing to the delinquency of a minor with twelve months suspended. ECF No. 11, attach. 4 at 6–8. Petitioner appealed his criminal convictions and sentence to the Court of Appeals of Virginia on May 9, 2016, on the grounds that: (1) the sentencing judge erred when he denied the joint motion to continue the sentencing hearing, and (2) the trial judge erred in finding the evidence sufficient to convict Petitioner of rape. ECF No. 11, attach. 2 at 2, 10. By decision dated December 15, 2016, the Court of Appeals of Virginia affirmed Petitioner's convictions on the grounds that: (1) the appellate court could not review the sufficiency of the evidence at trial because Petitioner failed to submit trial transcripts or written statements of the trial before the filing deadline, and (2) the decision to grant a continuance is within the circuit court's discretion, and will only be overturned if there was an abuse of such discretion that results in a prejudice against the movant. ECF No. 11, attach. 2 at 48–50. On December 15, 2016, Petitioner appealed to the Supreme Court of Virginia, and on August 3, 2017, the Supreme Court of Virginia refused his appeal. ECF No. 11, attach. 2 at 58.

Subsequently, Petitioner was granted permission to file a belated appeal to the Court of Appeals of Virginia, based on his counsel's failure to submit trial transcripts for his initial appeal.[3]

---

[2] The delay between Petitioner's conviction and sentencing is due to Petitioner absconding after his conviction. ECF No. 11, attach. 1 at 181–82.

[3] Though the exact date is unclear from the record, Petitioner appears to have filed a petition for a writ of habeas corpus in the Trial Court following his conviction ("the August 2019 State Petition"). *See* ECF No. 11, attach. 4 at 9. On August 20, 2019, the Trial Court entered an order finding that Petitioner was denied his right to pursue a direct appeal of his convictions based on counsel's failure to submit trial transcripts. *See id.* at 3, 9. The Trial Court directed the Commonwealth to "petition the Court of Appeals of Virginia for the right of the petitioner to seek a delayed appeal from [his convictions]." *Id.* at 9. As such, the

*See* ECF No. 11, attach. 4 at 19.  Specifically, his appeal argued that "the Trial Court erred in finding the evidence sufficient as to each of the charges because the accuser's testimony was inherently incredible and unworthy of belief as a matter of law and the remaining evidence was insufficient to support the convictions." *Id.* at 20 (capitalization corrected).  The Court of Appeals of Virginia denied the appeal on January 14, 2020.  ECF No. 11, attach. 4 at 91.  Petitioner then filed an appeal to the Supreme Court of Virginia on March 13, 2020, ECF No. 11, attach. 4 at 97, which was refused as untimely on October 6, 2020.  ECF No. 11, attach. 4 at 99.  Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

Petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Virginia on April 7, 2022 ("April 2022 State Petition"), ECF No. 11, attach. 1 at 2.  In his April 2022 State Petition, Petitioner asserted the following grounds for relief:

> [Ground A:] In violation of the 5th and 6th Amendments of the United States Constitution nexused with the Virginia Constitution, Petitioner was denied his right to effective assistance of counsel when trial counsel failed to adequately investigate and prepare for the introduction of highly prejudicial text messages from an unauthenticated cellphone.

ECF No. 11, attach. 1 at 16.

> [Ground B:] In violation of the 6th Amendment of the U.S. Constitution nexused with the Virginia Constitution, Petitioner was denied his right to effective assistance of counsel when trial counsel failed to prepare for Petitioner's formal sentencing hearing, denying Petitioner the opportunity to present mitigating evidence, and, to adequately allocate on his behalf, resulting in a reasonable likelihood that Petitioner received a longer sentence.

*Id.* at 21.

> [Ground C:] In violation of the 6th Amendment of the U.S. Constitution nexused with the Virginia Constitution, Petitioner was denied his right to effective

---

Commonwealth of Virginia applied to the Virginia Court of Appeals for leave for belated appeal for the Petitioner. ECF No. 11, attach. 4 at 2–4.  The Court of Appeals of Virginia granted leave for belated appeal by an order on September 11, 2019, and Petitioner filed a belated appeal to the Court of Appeals of Virginia on October 2, 2019, raising a challenge to the sufficiency of the evidence used at trial. ECF No. 11, attach. 4 at 12, 19.

assistance of counsel when trial counsel made unsuccessful attempts at continuances during the guilt phase, and then at sentencing, due to his lack of preparation, resulting in the cumulative prejudice to petitioner.

*Id.* at 25–26.

[Ground D:] The trial court abused its discretion resulting in a manifest miscarriage of justice when it denied petitioner a communications expert to authenticate technical evidence relative to text message pictures; when it failed to utilize the commonwealth's communication expert to authenticate the technical evidence; when it allowed the introduction of a cell-phone into evidence mid-trial that had not been in discovery or the commonwealth's possession whatsoever; and when it allowed the 15 year old sister to authenticate the technical evidence instead of a communications expert. For this claim petitioner invokes the ends of justice exception.

*Id.* at 28.

[Ground E:] In violation of the 6th amendment of the U.S. Constitution in nexus with the Va. Constitution, petitioner was denied effective assistance of counsel by counsel's failure to do the sensible act of using Lindsays cellphone to call another phone to show the court that "From: [a witness]" will show up on the called phone.

*Id.* at 30.

The Supreme Court of Virginia denied Petitioner's April 2022 State Petition on May 5, 2023, on the grounds that it was time barred because it was not filed within one year of the final disposition (pursuant to Va. Code. Ann. § 8.01-654(A)(2)). ECF No. 11, attach. 1 at 1245. Petitioner argued that the time for filing should be tolled pursuant to Va. Code Ann. § 8.01-229(D)(ii)[4] because respondent "directly and indirectly obstructed his ability to prepare and file his petition by issuing directive requiring the closure of prison law libraries in response to the COVID-19 pandemic, impeding his ability to review his electronic legal files and complete and file his habeas petition." *Id.* at 1243. However, the Supreme Court of Virginia concluded that

---

[4] Va. Code Ann. § 8.01-229(D)(ii) provides that: "[w]hen the filing of an action is obstructed by a defendant[]….using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought." Va. Code Ann. § 8.01-229(D)(ii).

Petitioner was not entitled to tolling.  ECF No. 11, attach. 1 at 1243.

The instant § 2254 Petition for a Writ of Habeas Corpus was filed on June 1, 2023.  ECF

No. 1.  Petitioner asserts the following grounds in the instant Petition:

> [Ground 1:] In violation of the 5th and 6th Amendments to the U.S. Constitution, petitioner was denied effective assistance of counsel when trial counsel failed to adequately investigate and prepare for the introduction of highly prejudicial text messages from an unauthenticated cell-phone.

ECF No. 1 at 23.

> [Ground 2:] In violation of the 6th Amendment to the U.S. Constitution, petitioner was denied the effective assistance of counsel when trial counsel failed to prepare for petitioner's formal sentencing hearing, denying petitioner the opportunity to present mitigating evidence, and to adequately allocate on his behalf, resulting in a reasonable likelihood that petitioner received a longer sentence.

*Id.*

> [Ground 3:] In violation of the 6th Amendment to the U.S. Constitution, petitioner was denied the effective assistance of counsel when trial made unsuccessful attempts at continuances during the guilt phase, and then at sentencing, due to trial counsel's lack of preparation resulting in cumulative prejudice to petitioner.

*Id.*

> [Ground 4:] The trial court abused its discretion resulting in a manifest miscarriage of justice when it denied petitioner a communications expert to authenticate technical evidence; when it allowed the introduction of a cell-phone into evidence mid-trial that had not been in discovery or the commonwealth's possession whatsoever; and when it allowed the technical evidence to be authenticated by the 15 year-old sister of the victim.  For this claim, petitioner invokes the ends of justice exception.

*Id.* at 23–24.

> [Ground 5:] In violation of the 6th Amendment to the U.S. Constitution, petitioner was denied the effective assistance of counsel by trial counsel's failure to act sensibly by using Lindsay's cell-phone to call another phone to show the court that "From: Brianna McBride" would show up on the called phone.

*Id.* at 24.  In response, the Respondent filed a Motion to Dismiss, a Rule 5 Answer, and a Brief in

Support of the Motion to Dismiss on September 22, 2023.  ECF Nos. 9–11.  Petitioner filed a

response to the Motion to Dismiss.  ECF No. 13.  Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether the Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

A. Timeliness

*1. Statute of Limitations under the AEDPA.*

"On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ('the AEDPA')." *Gilmore v. Ballard*, No. 2:09cv00041, 2009 WL 6319261, at *1 (S.D.W. Va. Oct. 22, 2009), *report and recommendation adopted in part*, No. CIV. A. 2:09-00041, 2010 WL 1286891 (S.D.W. Va. Mar. 26, 2010).  As the parties note, this case is governed by the limitation period set forth in the AEDPA.  ECF No. 14 at 4.  The applicable section of the AEDPA provides, in pertinent part, that:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) of the AEDPA further provides that "[t]he time during

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, Section 2254 petitions such as the instant Petition are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the expiration of the time to seek direct review of the highest state court's decision by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(d)(1)(A).

  *2. The Petition is untimely.*

On October 6, 2020, the Supreme Court of Virginia refused Petitioner's belated appeal. ECF No. 11, attach. 4 at 99. Although the time to file a petition for writ of certiorari is usually 90 days, the time to file was extended to 150 days during the COVID-19 pandemic. *See* Sup. Ct. R. 13.1 (stating that a petition for writ of certiorari must be filed within 90 days of judgment); U.S. Sup. Ct. Order, 594 U.S. __ (July 19, 2021) (extending the filing deadline from 90 days to 150 days within the final judgment during COVID-19). Accordingly, in the instant matter, Petitioner's judgment became final on March 5, 2021, when his time to file a petition for writ of certiorari with the United States Supreme Court expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired") (citing 28 U.S.C. § 2244(d)(1)(A)). Applying the one-year AEDPA deadline, Petitioner's statute of limitations for filing a petition for writ of federal habeas corpus under 28 U.S.C. § 2244(d)(1)(A) expired on March 7, 2022. Petitioner filed this Petition on June 1, 2023, which is 451 days beyond the 365-day (one-year) deadline provided by the AEDPA. Accordingly, unless Petitioner is entitled to application of either statutory tolling or equitable tolling, the untimeliness of his Petition bars this Court's review of the same.

3. *Petitioner is not entitled to statutory tolling.*

As explained in Part II.A(1), *supra*, Section 2244(d)(2) of the AEDPA provides for tolling of the federal one-year statute of limitations during the pendency of a "properly filed" state habeas petition. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

The benefits of statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) are unavailable to Petitioner. To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413–17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling. *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). The Supreme Court of Virginia dismissed Petitioner's April 2022 State Petition on May 5, 2023, as untimely, thus it was not properly filed. ECF No. 11, attach. 1 at 1274. Because Petitioner did not properly file his state habeas petition, he is not entitled to any statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). Consequently, the undersigned now considers the availability of equitable tolling.

4. *Petitioner is not entitled to equitable tolling.*

"To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rashid v. Clark*, No. 1:18cv262, 2018 WL 1937349, at *3 (E.D. Va. Apr. 24, 2018) (citing *Holland v. Florida*, 560 U.S. 408, 418 (2005)). To meet the standard for equitable tolling, "[t]he petitioner is obliged to specify the steps he took in diligently pursuing his federal

8

claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Rashid*,
2018 WL 1937349, at *3 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).
Additionally, Petitioner must explain how the alleged extraordinary conditions affected his ability
to pursue his claims within the statute of limitations. *Booker v. Clarke*, No. 3:21cv212, 2022 WL
464554, at *3 (E.D. Va. Feb. 15, 2022); *Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir.
2010). The Petitioner must "demonstrate a causal relationship between the extraordinary
circumstance on which the claim for equitable tolling rests and the lateness of his filing." *Valverde*,
at 134.

Equitable tolling is applied in "rare instances, where – due to circumstances external to the
party's own conduct – it would be unconscionable to enforce the limitation period against the party
and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris
v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("any resort to equity must be reserved for those
rare instances.")). For example, this Court has recognized some circumstances that do not qualify
as extraordinary, like "[t]ransfers between prison facilities, solitary confinement, lockdowns,
*restricted access to the law library and an inability to secure court documents*." *Allen v. Johnson*
602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (emphasis added).

Moreover, courts have routinely declined to apply equitable tolling where the petitioner
alleges ignorance of the law or lack of access to legal resources, concluding that prisoners do not
have an abstract right to a law library or legal representation. *United States v. Sosa*, 364 F.3d 507,
512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not
a basis for equitable tolling."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a
plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable
filing period merits equitable tolling."); *Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000)

("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citation omitted).

Here, Petitioner argues he is entitled to equitable tolling.  Petitioner incorporates many of the arguments to support equitable tolling that he made to the Supreme Court of Virginia with respect to his April 2022 State Petition.  *See* ECF No. 1 at 13–19; ECF No. 13 at 3–4.  Petitioner appears to contend that long-lasting law library closures constitute an extraordinary circumstance that prevented him from timely filing.  For example, attached to his Petition, he included an affidavit in which he states:

> [i]n anticipation of filing my habeas corpus, I submitted multiple requests to prison staff and the Buckingham Correctional Center (BKCC) Law Library.  Staff and Law Library personnel repeatedly told me the Law Library was closed due to the pandemic, and directed me to a Virginia Department of Corrections (VDOC) memo dated 3/27/2020.  This memo stated I could only request specific cases.  At no time, from then until date, have I been given any reference material to cases relevant to my situation.  The next memo VDOC issued on Law Library operations was on 9/17/2021 stating that VDOC Law Libraries would soon open at limited capacity.  I submitted a request to attend the Law Library immediately. . . .  A third major outbreak at the end of December 2021 closed the Law Library before I was able to attend. . . . [My attorney] [] said I should write the courts and ask for an extension.  I then sent a letter to the Circuit Court asking to "Amend habeas petition to a later date" because I had no access to the Law Library . . . I used the wrong term "Amend" even though I clarified my meaning to the Court it was denied. . . .  In spite of all of the above complications, and other complications, I have worked diligently to utilize my right to file a habeas corpus.

ECF No. 1 at 71–73.  In response, Respondent asserts that Petitioner did not diligently pursue his rights, that COVID-19 law library closures do not constitute extraordinary circumstances, and that Petitioner fails to demonstrate a causal relationship between lack of access to legal documents and his inability to file his Petition for Writ of Habeas Corpus in a timely manner.  *See* ECF No. 11 at 10–13.

Courts in the Fourth Circuit have routinely found that non-specific claims that a petitioner was unable to pursue his rights diligently due to the COVID-19 pandemic do not constitute

extraordinary circumstances that warrant equitable tolling.[5] *Booker v. Clarke*, No. 3:21cv212, 2022 WL 464554, at *4 (E.D. Va. Feb. 15, 2022) ("[T]he Court fails to discern, and Booker fails to explain, how the restrictions on Booker's physical access to the law library between April 2020 and September 2020 have any relevance on the issue of equitable tolling with respect to Booker's § 2254 Petition."); *Welch v. Nelson*, No. 5:21-767, 2022 WL 2068769, at *5 (D. S.C. Apr. 29, 2022) ("Petitioner fails to provide an adequate explanation as to why the resources he had available during [periods he was not quarantined] were not sufficient for him to timely file his petition. Petitioner's argument that the pandemic limited his ability to access the law library, standing alone, fails to establish extraordinary circumstance."), *report and recommendation adopted*, No. 5:21cv00767, 2022 WL 2067883 (D.S.C. June 8, 2022); *Stutler v. Ames*, No. 2:21cv00662, 2023 WL 1599153, ay *9 (S.D. W.Va. Jan. 12, 2024) ("While he describes general difficulties, faced by all prisoners [at the corrections facility], in addressing the prison law library during COVID-19 lockdowns, he fails to provide facts to show lack of access to the law library 'actually prevented' him from timely filing his federal petition") (citing *Chapman-Sexton v. U.S.*, No. 2:16cr00141, 2021 WL 292027, at *3 (S.D. Ohio Jan. 28, 2021); *Shea v. Clark*, No. 1:22cv198, 2023 WL 1928772, at *7 (E.D. Va. Feb. 10, 2023) (finding an inmate not entitled to equitable tolling due to a lack of access to the law library during the COVID-19 pandemic because he was still able to complete a state habeas petition without such resources); *Day v. White*, No. 1:22cv2, 2022 WL

---

[5] Other courts around the country have come to the same conclusion that the COVID-19 pandemic, without more specificity, does not constitute an extraordinary circumstance that warrants equitable tolling. *See Brown v. Holbrook*, No. 21-35605, 2023 WL 2445685, at *2 (9th Cir. Mar. 10, 2023) ("[The petitioner] argues that the pandemic has been an extraordinary circumstance for this nation but fails to explain how the pandemic generally had an extraordinary influence in this particular situation.") (internal quotations omitted); *Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) ("[The petitioner] is not entitled to equitable tolling based on his allegedly limited access to the law library in the wake of COVID-19. The district court correctly concluded that [petitioner] hasn't shown that he was pursuing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place.").

4585522, at *5 n.9 (E.D. Va. Sept. 29, 2022) ("To the extent petitioner contends the COVID-19 pandemic is cause for equitable tolling, 'the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis.'") (citations omitted).

While some courts have indicated that the COVID-19 pandemic could amount to an extraordinary circumstance that warrants tolling under certain circumstances, petitioners would still need to show they were pursuing their rights diligently, "and would have timely filed if not for external obstacles caused by COVID-19." *Taylor v. United States*, No. 4:20cv1489, 2021 WL 1164813, at *3 (E.D. Mo. Mar. 26, 2021). Courts have also highlighted the fact that all prisoners were subject to lockdowns and the restrictions associated with it, supporting the notion that COVID-19 does not constitute an extraordinary circumstance. *See Rush v. Sec'y, Fla. Dep't of Corr.*, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. 2021) ("[The petitioner] also could not show extraordinary circumstances, as his circumstances were not different than any other prisoner attempting to access legal resources, as they all were subject to COVID-19 protocols.").

The undersigned finds that Petitioner is not entitled to equitable tolling because Petitioner has not sufficiently shown that he diligently pursued his federal claim and that some extraordinary circumstance prevented timely filing. As explained, equitable tolling is only appropriate in rare, unique, and extraordinary circumstances, and here, Petitioner does not include specific facts or allegations in his Petition or subsequent briefs why this is one of those circumstances.

First, Petitioner alleges that the Supreme Court of Virginia's denial of equitable tolling (pursuant to Va. Code Ann. § 8.01-229) for his April 2022 State Petition was a state created impediment to his ability to timely file his federal habeas petition. ECF No. 1 at 13. However, Petitioner does not explain how the Supreme Court of Virginia's decision prevented him from timely filing the instant federal habeas Petition.

Second, Petitioner argues that COVID-19 closures of the law library constitute an extraordinary circumstance which prevented him from timely filing. ECF No. 1 at 17. As explained, the Fourth Circuit has held that restricted access to the law library does not constitute an extraordinary circumstance. *See Sosa*, 364 F.3d at 512. Petitioner also argues that, as a result of those law library closures, he did not have access to his "legal CDs" which contained recordings of his trial. *See, e.g.,* ECF No. 1 at 15. However, in its order denying Petitioner's April 2022 State Petition, the Supreme Court of Virginia states that it appeared Petitioner had access to his trial transcripts. ECF No. 11, attach. 1 at 1245. Petitioner's exhibits show that the law library was scheduled to reopen on April 4, 2022, and that he would be able to access to his "legal CDs" on that day, ECF No. 1 at 68, and Petitioner admits he accessed the law library in May of 2022, but he did not file the instant Petition until over a year later on June 1, 2023. ECF No. 13 at 4. Though his petition still may have been untimely as his deadline to file was March 7, 2022, Petitioner does not explain why he waited over a year after having access to the law library to file the instant action. Moreover, Petitioner also admits that during the COVID-19 law library closures there were times when he was permitted to request specific cases. *See, e.g.,* ECF No. 1 at 71. Accordingly, Petitioner has not demonstrated that the law library closures constituted an extraordinary circumstance that prevented him from timely filing.

Third, Petitioner argues that he was pursuing his rights diligently, however, as stated above, the law library reopened in May of 2022, and Petitioner did not file the instant Petition until over one year later, in June of 2023. Petitioner provides no explanation why he waited over a year to file the instant Petition. Petitioner argues that he was unable to file a habeas petition without access to his "legal CDs" which contained recordings of his trial, but Petitioner was able to access those CDs beginning April 4, 2022, and failed to file his federal habeas petition until June 1, 2023. ECF

No. 11, attach. 1 at 53. Even if the Court did determine law library closures or lack of access to legal materials to be an extraordinary circumstance, Petitioner is nonetheless required to show that he pursued his rights diligently. *See Taylor*, 2021 WL 1164813, at *3. This timeline does not demonstrate that Petitioner was pursuing his rights diligently.

Lastly, even if this Court were to determine that lack of access to the law library due to COVID-19 constituted an extraordinary circumstance, and even if there was evidence that Petitioner diligently pursued his rights, the Petitioner offers no causal connection between the COVID-19 law library closures and his inability to file this Petition timely. Petitioner asserts that he had no access to legal materials while he attempted to file his state and federal petition for habeas relief, but "[t]o timely file a petition, Petitioner was not compelled to provide extensive legal analysis of his claims. Rather, he was merely expected to state his grounds for relief . . . and identify specific facts supporting them, rather than to argue or cite case law." *Stutler*, 2024 WL 1599153, at *9. Petitioner does not show how a lack of access to cases, legal references, or recordings of his trial prevented him from asserting his grounds for relief with supporting facts in a timely filing.

Under these circumstances, the undersigned declines to find Petitioner is entitled to equitable tolling. It is the undersigned's determination that the Petition was not timely filed which is sufficient grounds to grant the Respondent's Motion to Dismiss. However, the undersigned will also address Respondent's second basis for dismissal of the Petition, namely, whether Petitioner's procedural default of his claims operates as a bar to review of his Petition.

B. Exhaustion and Procedural Default

Before considering the merits of a federal habeas petition, part of the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition, and whether

14

Petitioner has procedurally defaulted on his claims.

 *1.  Exhaustion.*

  28 U.S.C. § 2254(a) allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).  Importantly, "[t]he burden of proving a claim is exhausted lies with the habeas petitioner." *Id.* at 618.  The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 536 U.S. 838, 844–45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F.Supp. 1428, 1436 (E.D. Va. 1991), *aff'd,* 996 F.2d 1560 (4th Cir. 1993).  "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Virginia Dep't of Corr.*, No. 1:14cv1581, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

 *2.  Procedural default.*

  "A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619.  As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas

petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). *See also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice.") (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)) (citing *Coleman*, 501 U.S. at 750) (internal citations omitted). As the Supreme Court has observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423–24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348–51

16

(1984)).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). *See also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman*, 501 U.S. at 750); *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986). *See also Davila v. Davis*, 137 S. Ct. 2058, 2065, 198 L. Ed. 2d 603 (2017) ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman*, 501 U.S. at 753). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, No. 1:15cv781, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

3. *Petitioner's claims are procedurally defaulted on adequate and independent state-law grounds.*

Here, Petitioner raised the same five grounds he raised in his April 2022 State Petition,

which the Supreme the Court of Virginia denied (pursuant to Virginia Code Section 8.01-654(A)(2)), because the petition was filed more than one year after Petitioner's convictions became final, thus petition was untimely. ECF No. 11, attach. 1 at 1245. Accordingly, Petitioner has exhausted his state court remedies, but his claims are barred because they are procedurally defaulted on an adequate and independent state law ground.

In the Fourth Circuit, it is well-established that "Virginia Code § 8.01–654(A)(2) constitutes an adequate and independent state-law procedural rule." *Baker v. Clarke*, 95 F. Supp. 3d 913, 917 (E.D. Va. 2015) (explaining that "a state procedural rule is 'adequate' if it is 'regularly or consistently applied by the state court,' and is 'independent' if its application does not depend on the federal Constitution") (citing *Williams v. French*, 146 F.3d 203, 209 (4th Cir. 1998)) (internal citations omitted). It is equally well-established that "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *Breard v. Kindler,* 558 U.S. 53, 55 (2009)). Here, because the Supreme Court of Virginia summarily dismissed the April 2022 State Petition as procedurally barred, this Court is barred from reviewing Petitioner's claim because the state court relied on an independent and adequate state law ground. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006).

### 4. *Petitioner Cannot Overcome Procedural Default.*

Petitioner may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Harris*, 489 U.S. at 262). "[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or the

petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Petitioner argues that law library closures due to COVID-19 and a lack of access to legal materials constituted an impediment on his ability to comply with Virginia procedural rules for timely filing.  ECF No. 11, attach. 1 at 10–13.

The Supreme Court of Virginia determined that the law library closures did not affect the Petitioner's ability to timely file a state petition for habeas  and the undersigned sees no reason to depart from that determination.  *See* ECF No. 11, attach. 1 at 1245.  Absent cause, a prejudice analysis is unnecessary.  *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).

Moreover, Petitioner has not demonstrated that this Court's failure to review the merits of his Federal Habeas Petition will constitute a fundamental miscarriage of justice based on his actual innocence.  Petitioner states that he is invoking the "[e]nds of [j]ustice exception," ECF No. 1 at 10, but throughout his briefs, Petitioner does not expressly claim innocence as to the crimes of which he was convicted, rather, he asserts that his detention is unlawful.  *See e.g.*, ECF No. 1 at 24.  As such, he provides no evidence to support a claim of innocence.  Without any supporting evidence or claim of innocence, Petitioner cannot demonstrate a fundamental miscarriage of justice.  *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) ("In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence*.'") (quoting *Schulp v. Delo*, 513 U.S. 298, 327 (1995)) (emphasis added).  Therefore, the undersigned would find that Petitioner's grounds for relief in the instant Petition are

procedurally defaulted, and thus, should be dismissed.  In light of the above analysis, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED** on the basis that, even if the Court excused the untimeliness of the Petition, it is nonetheless procedurally defaulted.

### III.  RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED**.

### IV.  REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a).  A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
~~Lawrence R. Leonard~~
~~United States Magistrate Judge~~
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 1, 2024